THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JULIE McGROTHA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 5:06-cv-391 |
| | : | |
| FED EX GROUND PACKAGE | : | |
| SYSTEM, INC., d/b/a | : | |
| FED EX GROUND, VAN | : | |
| HAYES, and JOHN DOE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

This case is before the Court on motion for summary judgment by Defendants. Plaintiff's sole claim in this case is for retaliation under Title VII of the Civil Rights Act of 1964.[1] In her complaint, Plaintiff alleges that her former employer, Fed Ex Ground Package System, Inc. ("Fed Ex"), "had [her] arrested on November 29, 2005 on the false charge of allegedly taking money from her former employer in retaliation for the complaint of discrimination that she filed in opposition to employment practices made illegal by Title VII." Plaintiff's Complaint (Doc. 1), ¶ 15. Upon review of the arguments of counsel, the evidentiary materials submitted by the parties, and the relevant legal authorities, the Court finds that there is no evidence sufficient to create a genuine issue of material fact as to any causal link between Plaintiff's arrest and her protected activities. The undisputed evidence in the record shows that all activities of FedEx related to Plaintiff's arrest

---

[1] As noted below, there is a parallel case pending in this Court in which Plaintiff alleges sexual discrimination and various state law claims against FedEx, arising from her discharge. Defendants' motion for summary judgment was denied in that case, and it is currently scheduled for trial.

1

occurred prior to FedEx's having received notice or knowledge of Plaintiff's protected activities. Accordingly, Defendants are entitled to judgment as a matter of law, and the motion for summary judgment (Doc. 20) is **GRANTED**.[2]

**FACTUAL BACKGROUND**

On February 1, 2005, FedEx discharged Plaintiff from her job as an Administrative Clerk for alleged integrity reasons, related to her alleged unauthorized entry into a company safe. In response to her discharge, Plaintiff filed a charge of discrimination with the EEOC on February 15, 2005. The EEOC contacted FedEx on March 4, 2005 and gave it notice of Plaintiff's charge of discrimination. On October 25, 2005, Plaintiff filed a separate lawsuit in this Court alleging claims of discriminatory discharge under Title VII, along with various state law claims. See, *McGrotha v. FedEx Ground Package System, Inc.*, Civil Action No. 5:05-cv-391-CAR ("the previous lawsuit").

In this case, filed a year after the previous lawsuit, Plaintiff alleges that FedEx had her arrested in retaliation for filing an EEOC charge against it. The undisputed evidence shows that FedEx initiated the criminal investigation that led to Plaintiff's arrest after her discharge but before she filed her charge of discrimination. The investigation arose from the complaints of a customer, John Holden. On February 9, 2005, Mr. Holden came to the FedEx facility where Plaintiff had recently worked to complain about a collection notice he had received in the mail. Mr. Holden explained that he had come to FedEx in the fall of 2004 to receive a COD shipment for his business. He paid $515.90 in cash to a "heavy-set white woman" working at the terminal. Another employee,

---

[2]In their motion for summary judgment, Defendants have requested attorney's fees pursuant to Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412 (1978). This Order does not address that request, which the Court will take up at a later time.

a black woman, was present and witnessed the exchange. Several months later, he began to receive collection notices stating that he had not paid for the package.

Mr. Holden's complaint was referred to Tad Fuqua, an investigator for FedEx. Mr. Fuqua met with Mr. Holden and initiated an investigation. He noted that Mr. Holden's description of the "reddish-haired, heavy set white woman" who took his money matched the description of Plaintiff. He checked the cash logs and delivery records and found that there was no record of any funds received for the package delivered to Mr. Holden. He was able to identify the black female employee described by Mr.Holden as Connie Harvey.

Mr. Fuqua filed a police report with the Macon Police Department on February 11, 2005, four days before Plaintiff filed her charge of discrimination with the EEOC. The Macon Police Department assigned Investigator Brian Tweedy to investigate the matter. Investigator Tweedy met with Mr. Fuqua on February 21, 2005 and reviewed the FedEx cash logs and delivery information. On February 22, Investigator Tweedy took a statement from Mr. Holden, who repeated that he had given Plaintiff the cash. He also took a statement from Ms. Harvey, who stated that she had witnessed Plaintiff taking Mr. Holden's money and giving him an invoice as a receipt. Based on these statements, Investigator Tweedy gave and affidavit and obtained a warrant for Plaintiff's arrest on charges of theft by taking on February 24, 2005. He first attempted to serve the warrant on March 24, 2005, without success. Plaintiff was finally arrested on November 29, 2005. Shortly afterward she filed a claim of retaliation with the EEOC and a notice of right to sue was issued on August 18, 2006.

After receiving her notice of right to sue, Plaintiff initially sought leave to amend her complaint in her previous lawsuit. Her motion for leave to amend was denied by this Court, partially

on the grounds that the amendment would be futile. In its Order denying the motion, the Court observed:

> The record clearly shows . . . that [Plaintiff] did not file her discrimination charge until February 14, 2005 – several days *after* FedEx initiated the investigation and reported its findings to the police. Because the current record demonstrates that FedEx was unaware of [Plaintiff's] discrimination charge when it began its investigation and when it referred its findings to the police [Plaintiff] likely cannot establish a causal connection between the protected activity (filing of initial discrimination charge) and the adverse employment action (police investigation). Absent a demonstrated causal connection between [Plaintiff's] protected activity and the adverse employment action, [Plaintiff] is unable to establish a prima facie case of retaliation. Therefore, permitting [Plaintiff] to supplement her complaint to include that claim would be futile.

Previous lawsuit, Order on Motion to Amend/Correct (Doc. 30), pp. 10-11.

Plaintiff filed the present action on November 16, 2006, prior to the Court's ruling on her motion to amend the complaint in her previous case. She did not seek to withdraw her motion to amend in the previous case or seek to have the two cases consolidated. Defendants in this case did not move to dismiss. The Court, for its part, did not take notice that Plaintiff had parallel cases pending prior to its review of the present motion for summary judgment. The existence of the parallel cases was brought to the Court's attention by the request of the parties to consolidate this case with the previous lawsuit and continue the trial of that case.

The Court's observation in denying Plaintiff's motion for leave to amend her complaint in her first case is confirmed by the more complete record of this case. After full discover, including a separate deposition of Plaintiff for this case, there is no evidence to establish a causal connection between Plaintiff's filing a charge of discrimination against FedEx and the criminal investigation and arrest of Plaintiff. To establish a prima facie case of retaliation under Title VII, a plaintiff must present proof as to three elements: (1) that the plaintiff engaged in statutorily protected expression;

4

(2) that the plaintiff suffered an adverse employment action; and (3) that there is some causal relation between the protected expression and the adverse action. Pennington v. City of Huntsville, 262 F.3d 1262, 1266 (11th Cir. 2001).

Plaintiff has failed to present evidence as to the third element sufficient to create a genuine issue of material fact. The undisputed record in this case shows that FedEx made its report to the police before Plaintiff even filed her charge with the EEOC, and further shows that FedEx's involvement in the investigation was complete before it ever received notice of Plaintiff's charge. In such circumstances, there can be no causal link between the protected expression and the adverse action.

Plaintiff has presented no evidence to dispute or call into question the evidence presented by FedEx with regard to the timeline of the criminal investigation against Plaintiff. This evidence, largely coming from the testimony and report of the police investigator[3], a disinterested third party, shows that FedEx made its report to the police on February 11, 2005, four days before Plaintiff filed her charge of discrimination. It also shows that FedEx's agent, Mr. Fuqua, met with the investigator only one time, on February 21, 2005. Although this meeting occurred shortly after Plaintiff had filed her charge of discrimination, it was still ten days before FedEx received any notice of Plaintiff's EEOC charge. The investigator interviewed the witnesses and obtained a warrant for Plaintiff's arrest on March 24, 2005. An initial attempt to arrest Plaintiff in March was unsuccessful, and the warrant was not finally served until November 29.

Plaintiff's attempt to create a genuine issue of material fact is based on pure speculation. She contends that "after the initial report was made, [FedEx's] agents continued to contact the police

---

[3]Although the report itself would likely be excluded from admission into evidence, it is confirmed by the sworn declaration of Investigator Tweedy and could be used to refresh his recollection at trial.

department after [FedEx] had knowledge of the EEOC complaint." Plaintiff's Response to Defendants' Motion for Summary Judgment, Doc. 22, p. 8. There is not a single piece of evidence to show that any agent of FedEx had contact with any agent of the Macon Police Department after Mr. Fuqua's February 21 meeting with Investigator Tweedy. There is no evidence that anyone from FedEx pressured the Police Department to pursue its investigation after receiving knowledge of Plaintiff's EEOC charge. There is no evidence that the investigator's decision to seek an arrest warrant was influenced by anything other than the information he obtained in his investigation. Investigator Tweedy has testified that he sought the warrant for Plaintiff's arrest based on his own conclusion that Plaintiff stole Mr. Holden's payment. Tweedy Declaration, Doc. 20, Ex. 10 , ¶¶ 8, 10.

The only evidence that Plaintiff offers to support her claim that FedEx pressured the police to arrest Plaintiff after she filed her EEOC charge is a vague statement by Plaintiff's supervisor, Van Hayes, during a hearing on Plaintiff's claim for unemployment benefits. Plaintiff has testified that Mr.Hayes stated during the telephone hearing that FedEx was dropping its appeal of Plaintiff's benefit award and would deal with Plaintiff "by other means." Plaintiff's Affidavit, Doc. 22, Ex. 5, ¶ 5. Plaintiff does not state when this hearing took place, but states that she was arrested some time shortly afterward. This statement is insufficient to create a genuine issue of material fact. It is at best, a "mere scintilla" of evidence, insufficient to require the submission of the issue to a jury. See, Allen v. Board of Public Educ. for Bibb County, 495 F.3d 1306, 1323 (11th Cir. 2007). It is at most a vague, perhaps slightly menacing, statement that has no apparent relationship to the investigator's decision to seek an arrest warrant, a decision made several months before Mr. Hayes' alleged statement.

6

Plaintiff's sworn statement that she did not receive any money from Mr. Holden does nothing to establish a link between her protected expression and the alleged adverse action. To support her own testimony that she did not take Mr. Holden's money, Plaintiff states that there was another heavy-set white woman working at FedEx who might have dealt with Mr. Holden. She neglects to note that Mr. Holden described a woman who was not only heavy-set, but also reddish-haired. She also neglects to note that her own co-worker, Connie Harvey, identified her to the investigator and described witnessing the incident. This additional evidence gives weight to the identification of Plaintiff as the employee who took Mr. Holden's money.

In any event, this case is not about Plaintiff's guilt or innocence of the criminal charges against her.[4] It is about retaliation. The sufficiency of the evidence of her guilt is relevant to this case only to the extent that it might show any retaliatory motive for Plaintiff's arrest. It does not. The information in Investigator Tweedy's report, coming from the statements of Mr. Holden and Ms. Harvey and from his own review of FedEx's records, was certainly sufficient to provide him probable cause to suspect that Plaintiff had stolen the money and to obtain a warrant. Even if the evidence were less than sufficient to support probable cause, there is no evidence that Plaintiff's arrest was orchestrated by FedEx. Investigator Tweedy's testimony is that he sought the arrest warrant as a result of his own conclusions about the case, and there is no evidence to contradict this testimony or to suggest that FedEx exerted any pressure on him to pursue an arrest.

The undisputed evidence in this case shows that FedEx reported its suspicions to the police before Plaintiff engaged in any protected conduct. There is no evidence that FedEx had any involvement in the investigation or arrest of Plaintiff at any time after it became aware of her EEOC

---

[4]The record provides no information as to whether the criminal charges against Plaintiff have yet been resolved.

7

charge. To the contrary, the evidence shows that after the initial report of a crime, the investigation was driven by the police investigator and Plaintiff's arrest was supported by evidence more than sufficient to establish probable cause. Accordingly, there is no genuine issue of material fact as to Plaintiff's retaliation claims, and Defendants are entitled to judgment as a matter of law.

**SO ORDERED**, this 29th day of January, 2008.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

chw