THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JULIE McGROTHA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 5:06-cv-391 |
| FED EX GROUND PACKAGE SYSTEM, INC., d/b/a FED EX GROUND, VAN HAYES, and JOHN DOE, | : |
| Defendants. | : |

### ORDER ON MOTION FOR ATTORNEYS' FEES

After succeeding on their motion for summary judgment, Defendants in this case have moved the Court to issue an order awarding them attorneys' fees in excess of $38,000. Pursuant to the holding of the Supreme Court in Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412 (1978), a district court has discretion to "award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id. at 421. The circumstances in this case do not merit such an award. As such, Defendants' motion (Doc. 29) is hereby **DENIED**.

This case is not so frivolous, unreasonable, or without foundation as to warrant the charging of attorneys' fees against the Plaintiff. Ordinarily, in American courts litigants must bear their own expenses of litigation, regardless of who prevails. Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240 (1975). Title VII, however, specifically permits the award of attorneys' fees to a prevailing party. 42 U.S.C. § 2000e-5(k). On policy grounds, courts have interpreted the fee-shifting

provisions of Title VII to apply a more stringent standard for prevailing defendants than for prevailing plaintiffs. As the Eleventh Circuit has reasoned:

> the enforcement of civil rights statutes by plaintiffs as private attorneys general is an important part of the underlying policy behind the law. Such a policy ensures an incentive for "impecunious" plaintiffs who can ill afford to litigate their claims against defendants with more resources and thus justifies the differential treatment of prevailing plaintiffs and prevailing defendants.

Bruce v. City of Gainesville, Ga., 177 F.3d 949, 952 (11th Cir. 1999). The Supreme Court has determined that prevailing plaintiffs are generally entitled to attorneys' fees in Title VII cases, in the absence of "special circumstances [that] would render such an award unjust." See Christiansburg, 434 U.S. at 416-17 (quoting Newman v. Piggie Park Enterprises, 390 U.S. 400, 402 (1968)). This presumption in favor of attorneys' fees for prevailing plaintiffs arises from the high Congressional priority to further the enforcement of civil rights laws by casting the individual plaintiff as a "private attorney general." Id. There is no such presumption in favor of attorneys' fees for defendants.

To allow defendants to recover their attorneys' fees as a matter of course would be contrary to the underlying policy of encouraging plaintiffs to act as private attorneys general, in that it would greatly increase the risk undertaken by a civil rights plaintiff. Employment discrimination is difficult to prove, as it requires evidence of the employer's intent. The majority of Title VII cases filed in this circuit do not survive a defendant's motion for summary judgment. The heightened risk imposed on plaintiffs by the frequent award of attorneys' fees to prevailing defendants would chill the willingness of individuals with potentially meritorious claims to bring suit. To avoid such a chilling effect, the standard for granting attorneys' fees to defendants is much more restrictive than the standard for granting attorneys' fees to plaintiffs. Courts grant attorneys' fees to prevailing

defendants only where "the case is so lacking in arguable merit as to be groundless or without foundation." Id. (quoting Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985)). A simple lack of success on the merits is not enough. The mere fact that a plaintiff's case is disposed of on summary judgment is not, in itself, sufficient to warrant an award of attorneys' fees to the defendant. There must be a further finding that the case was unusually unfounded or baseless.

Although there are certain factors that courts have considered in weighing the frivolity of a Title VII claim, the decision to grant attorney fees in the end amounts to a thoughtful exercise of discretion by the trial court. In Sullivan, the Eleventh Circuit suggested three factors to consider in determining whether a claim is frivolous: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Sullivan, 773 F.2d at 1189. These factors are "guidelines only, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." Id. Even where these three factors are met, the context of the case must be taken into account, and courts should keep in mind that "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." Id.

Plaintiff in this case had sufficiently reasonable grounds for bringing suit to raise her claim above the level of frivolity. Although the Court found on summary judgment that Plaintiff had failed to present sufficient evidence to establish a prima facie case of retaliation, her claim was not initially so lacking in merit as to be frivolous. Plaintiff alleged in her Complaint that her prior employer, FedEx, initiated and pursued a criminal investigation against her in retaliation for a charge

3

of discrimination that she filed with the EEOC following the termination of her employment. She was discharged by FedEx on February 1, 2005. On November 29, 2005, she was arrested on charges of theft by taking pursuant to a complaint lodged by FedEx. Pursuit of false criminal charges against an employee could be construed as an adverse action taken in retaliation for protected activity.

The Court granted summary judgment in this case because there was no evidence to establish a causal link between the adverse action and Plaintiff's charge of discrimination. Discovery in this case and in a parallel case[1] revealed that FedEx made its complaint to the police before Plaintiff filed her charge of discrimination. The parallel case involved a claim of discrimination in Plaintiff's discharge from FedEx. Prior to the filing of this case, Plaintiff filed a motion to amend her complaint in the parallel case to add her retaliation claims. After the initiation of this suit, the Court denied her motion for leave to amend.

After the Court denied Plaintiff's motion for leave to amend, Defendants did not file a motion to dismiss this case. Instead, they elected to go forward with discovery and seek summary judgment. The denial of Plaintiff's motion for leave to amend in the parallel case would not necessarily have mandated the granting of a motion to dismiss in this case. Although the Order denying leave to amend noted that such an amendment would likely be futile in light of the fact that the initial police report was filed before Plaintiff filed her charge of discrimination, leave to amend was denied primarily on procedural grounds, due to the tardiness of the request for leave to amend and other factors. On a motion to dismiss in this case, the Court might have reasoned that discovery could have produced evidence that FedEx pursued or encouraged the criminal investigation more

---

[1] The parallel case, McGrotha v. FedEx Ground Package Sys., Inc., Civil Action No. 5:05-cv-391, was tried before a jury, and a verdict was rendered in favor of defendants.

aggressively after Plaintiff filed her charge of discrimination. It is impossible now to consider such a motion hypothetically and in hindsight.

At the conclusion of this case, the Court cannot find that Plaintiff's claims were so baseless as to warrant a grant of attorneys' fees. She had a reasonable factual and legal basis for her Complaint. Although her claims were ultimately found to be lacking in evidentiary support, they were not unusually meritless or so far outside the range of typical Title VII claims filed in this Court that they could be characterized as frivolous or unreasonable. Whereas the Court finds that the circumstances of this case do not warrant a grant of attorneys' fees to defendants, the motion for attorneys' fees must be denied.

**SO ORDERED**, this 29th day of September, 2008.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

chw