THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JULIE McGROTHA, | : |
| | : |
|     Plaintiff, | : |
| | :   Civil Action |
| v. | :   No. 5:06-cv-391 |
| | : |
| FED EX GROUND PACKAGE | : |
| SYSTEM, INC., d/b/a | : |
| FED EX GROUND, VAN | : |
| HAYES, and JOHN DOE, | : |
| | : |
|     Defendants. | : |
| _____ | : |

**ORDER ON MOTION FOR RECONSIDERATION**

On January 29, 2008, the Court entered an Order granting Defendants' Motion for Summary Judgment ("the Summary Judgment Order") in this case, in which Plaintiff alleged retaliation claims under Title VII of the Civil Rights Act of 1964. Judgment was entered in favor of the Defendants the following day, January 30, 2008. On February 8, 2008, Plaintiff filed a motion to reconsider the Summary Judgment Order, which the Court construes as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's Motion for Reconsideration (Doc. 28) is **DENIED**.

In her Motion for Reconsideration, Plaintiff contends that the Court committed clear error in failing to consider the decision of the United States Supreme Court in Burlington Northern & Santa Fe R. Co. v. White, 548 U.S. 53 (2006). The holding of Burlington Northern is immaterial to the Court's decision in this case. In Burlington Northern, the Supreme Court held that Title VII's provisions against retaliation prohibit not only adverse employment actions, but any "materially

1

adverse" action undertaken by the employer in retaliation for activities protected by Title VII. Id. at 68. Thus, an employer can be liable for retaliation for adverse actions taken even after the plaintiff's employment has been terminated. In this case, Plaintiff alleged that Defendant FedEx retaliated against her by having her arrested on false charges several months after she was discharged from her employment.

Burlington Northern is immaterial because the Court never held or reasoned that the pursuit of false criminal charges against a former employee could not be construed as actionable retaliation. The Court held instead that Plaintiff had failed to establish any causal link between her arrest and her filing of a discrimination charge. To establish a prima facie case of retaliation, a plaintiff must prove three essential elements: (1) protected activity; (2) adverse action; and (3) causation.[1] The Summary Judgment Order was based solely on the third element of that prima facie case.

The Summary Judgment Order held that summary judgment was warranted because there was "no evidence sufficient to create a genuine issue of material fact as to any causal link between Plaintiff's arrest and her protected activities." Summary Judgment Order (Doc. 25) 1. The undisputed evidence in this case showed that all of FedEx's actions occurred before it was aware of Plaintiff's protected activity. Plaintiff was discharged on February 1, 2005 and filed her charge of discrimination with the EEOC on February 15, 2005. FedEx did not receive notice of the charge until March 4, 2005. The investigation of Plaintiff was triggered by a customer complaint made on February 9. Based on this complaint, an investigator for FedEx filed a police report on February 11,

---

[1] In its Summary Judgment Order, the Court cited Pennington v. City of Huntsville, 262 F.3d 1262, 1266 (11th Cir. 2001) for the elements of a prima facie case. Pennington was decide before Burlington Northern and states that a plaintiff must prove that she suffered an adverse employment action. It is implicit throughout the Summary Judgment Order, however, that the Court considered the filing of false criminal charges to be a potentially actionable adverse action.

four days before Plaintiff filed her charge of discrimination. There was no evidence to show that any employee or agent of FedEx had any contact with the police department after the police investigator interviewed witnesses on February 22, 2005, ten days before FedEx was aware of Plaintiff's protected activity. The record further showed that the police investigator made the decision to arrest Plaintiff based on his own investigation and that he had more than adequate cause to do so. Plaintiff presented no evidence that any employee or agent of FedEx pressured the police to investigate or arrest Plaintiff or made any false statement.

Where the allegedly retaliatory actions all took place either before Plaintiff engaged in any protected activity or before FedEx had any knowledge of Plaintiff's protected activity, there can be no genuine issue of material fact as to a causal link between the protected activity and the alleged adverse action. Without evidence of a causal link, Plaintiff is unable to establish a prima facie case of retaliation. Because the Court's decision to grant summary judgment was based on the lack of evidence of causation, the holding in <u>Burlington Northern</u> was not a relevant concern and there was no need to cite or discuss it in determining that Defendants were entitled to judgment as a matter of law. The undisputed evidence as to causation, by itself, was sufficient to require summary judgment in Defendants' favor. There is no reason for the Court to reconsider that determination now.

**SO ORDERED**, this 29th day of September, 2008.

S/ C. Ashley Royal<br>
C. ASHLEY ROYAL<br>
UNITED STATES DISTRICT JUDGE

chw